## Comm's of Highways of Montgomery Township
### v.
### William C. Snyder et al., etc.

1. MANDAMUS—WHAT PARTY MUST SHOW.—A party is not entitled to a mandamus unless he shows that the act required to be done is one that the respondent ought to do and that he can lawfully perform.

2. MANDAMUS—COMMISSIONERS OF HIGHWAYS ISSUING ORDERS.— A petition for a writ of mandamus to compel commissioners of highways to issue an order upon their treasurer for certain damages allowed the petitioner for lands taken as a highway, which contained no allegation that there was any money in the hands of the treasurer out of which the order could be paid if issued or that any tax had been levied which could be used in its payment, is subject to demurrer. The issuing of such order by the respondents upon their treasurer would, under section one of the laws of 1879, p. 78, have been unlawful unless there was money in his hands or means provided to pay it.

Error to the Circuit Court of Whiteside county; the Hon. Joseph M. Bailey, Judge, presiding.    Opinion filed January 16, 1885.

Messrs. Manahan & Ward, for plaintiffs in error; cited Acts of 1879, § 1, p. 78; Brauns v. Peoria, 82 Ill. 11; Amos v. Burrus, 11 Bradwell, 384; Comm'rs v. Newell, 80 Ill. 594; Scheaff v. People, 87 Ill. 194; Lancaster v. Baumgarten, 41 Ill. 255.

As to when a writ of mandamus will be awarded: County of St. Clair v. People, 85 Ill. 396; People v. Ketchum, 72 Ill. 212; People v. Davis, 93 Ill. 133.

Messrs. J. & J. Dinsmoor, for defendants in error.

Pillsbury, J.    John Dorsey filed his petition in the circuit court against the plaintiffs in error, praying for a writ of mandamus to compel them to issue an order upon their treasurer for certain damages which had been allowed him for land taken for a highway.    The respondents appeared and de-

murred to the petition, which was overruled and a peremptory writ ordered, and they sued out this writ of error. Dorsey having died, his personal representatives have been substituted.

An examination of the petition in this case shows that there is no allegation contained therein that there was any money in the hands of the treasurer, out of which the order could be paid if issued, or that any tax had been levied which could be used in its payment.

Section one of the Act of May 31, 1879, Sess. Laws, page 78, provides:- "That warrants payable on demand shall hereafter be drawn and issued upon the treasurer of this State, or of any county, township, city, school district, or municipal corporation, or against any funds in his hands, only when at the time of the drawing and issuing of such warrants, there shall be sufficient money in the appropriate fund in the treasury to pay said warrants."

It is quite evident from the provisions of this act taken as a whole, that the first section was intended to apply to all public authorities having the power to assess and collect taxes for the necessary expenditures in public affairs.

The language of the act seems to be broad enough to include commissioners of highways, although not specifically named, and we entertain no doubt such was the intention of the legislature.

The issuing of an order by the respondents upon their treasurer would therefore have been unlawful, unless there was money in his hands, or means provided, to pay it.

A party is not entitled to a mandamus unless he shows that the act required to be done is one that the respondent ought to do, and that he can lawfully perform.

A clear right to the writ does not appear upon the face of the petition in this case, and the writ should have been refused.

The judgment of the court below overruling the demurrer and granting the writ will be reversed and the cause remanded.

Judgment reversed.